```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

ANTHONY ROBERSON,               }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }       09-AR-0191-S
                                }
AMERICAN GENERAL LIFE AND       }
ACCIDENT INSURANCE CO., and     }
GEORGE WHITE,                   }
                                }
     Defendants.                }
```

**MEMORANDUM OPINION**

On January 30, 2009, the above-captioned case was removed to this court from the Circuit Court of Jefferson County, Alabama, by defendant, American General Life & Accident Insurance Co. ("American General"), alleging complete diversity and an amount in controversy exceeding $75,000, the essential elements for a removal under 28 U.S.C. § 1332. The case has several unique features, most of which are not relevant to the threshold question of this court's subject-matter jurisdiction. This is the question raised by plaintiff, Anthony Roberson ("Roberson"), in his motion to remand. Interesting tangential issues will not be addressed.

**Procedural Facts Pertinent to Subject-Matter Jurisdiction**

In Roberson's state court complaint he claims to be the beneficiary of a $100,000 life insurance policy issued by American General on the life of Samuel Williams, Jr. ("Williams"), who died on September 8, 2008. In May of 2008, defendant, George White

("White"), an agent of American General, assisted the insured, Williams, in changing the beneficiary not only on this policy, but on a $5,000 policy issued by American General on Williams's life. Roberson ostensibly became the beneficiary of both policies in the event of Williams's death.  Roberson submitted a claim to American General on both policies.  American General paid Roberson the $5,000 benefit on the smaller policy, but refused to pay Roberson's claim on the $100,000 policy.  Roberson thereupon sued, claiming not only that American General breached its $100,000 insurance contract, but that it committed the Alabama tort of bad faith refusal to pay.  Roberson included in his complaint a separate claim or count against White, who Roberson said "negligently failed to properly process the change of beneficiary form which has led to the defendant, American General, refusing to pay the death proceeds . . . ."

Roberson is a resident of Alabama.  American General is a resident of Tennessee.  White is a resident of Alabama.  Under these circumstances, in order to meet the complete diversity requirement for a § 1332 removal, American General in its notice of removal alleged the fraudulent joinder of White, as follows:

> Plaintiffs [sic] cannot state a cause of action against the sole non-diverse defendant, George White, under Alabama law.  The non-diverse defendant has consequently been fraudulently joined.

American General did not allege that Roberson **"did not"** state a cause of action against White, but that he **"cannot"** state a cause

of action.  This language implies a contention by American General that Roberson not only failed to state a facially viable claim, but can never amend his complaint to state a claim under the constraints of Rule 11, Alabama Rules of Civil Procedure, which is essentially the same as Rule 11, F.R.Civ.P.  Contemporaneously, American General filed an answer and a counterclaim and a motion to interplead the insurance proceeds.  American General also sought leave to add Robert E. Clark, Jr. ("Clark") as a counter-defendant, naming him as a competing claimant to the would-be stakehold.  The court has withheld ruling on American General's motion for leave to interplead and to add Clark until the question of the court's subject-matter jurisdiction has been resolved.  Clark has not been served with any papers and has not filed an appearance.

Consistent with American General's position that Alabama resident White was fraudulently joined, White, on January 30, 2009, the same day that American General removed, filed in this court a motion to dismiss, using the following classic language of Rule 12(b)(6):  "Plaintiff has failed to state a claim upon which relief can be granted".  It is axiomatic that a federal court, after a diversity removal based on fraudulent joinder, must, before assuming jurisdiction, find that the action, to the extent it seeks any relief against a non-diverse defendant, is devoid of colorable merit.

White's Rule 12(b)(6) motion attaches unverified exhibits and

makes arguments designed to bring to the court's attention matters beyond what Roberson described in his complaint as the wrongful conduct of White that proximately caused American General to deny the claim, and thus Roberson's injury.  White did not ask this court to treat his "motion to dismiss" as a Rule 56 motion.  Neither American General's notice of removal nor White's Rule 12(b)(6) motion, is accompanied by an affidavit, or a declaration, the sorts of things that can provide a basis for converting a Rule 12(b)(6) motion into a Rule 56 motion.  In fact, Rule 56 was not mentioned until February 12, 2009, when American General in a footnote to its brief filed in opposition to Robertson's motion to remand, cited, without elaboration, *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005).  American General did not therein move for Rule 56 treatment of White's motion to dismiss.  Such a request cannot be deduced from the mere footnote reference in *Legg v. Wyeth*, the case that will hereinafter be discussed at some length.

Roberson's motion to remand, and White's motion to dismiss, were orally argued on March 13, 2009.  In Roberson's brief submitted in opposition to White's motion to dismiss, he captures the essence of his position as follows:

> George White is properly joined as a party Defendant and Roberson has stated a legally cognizable claim against White.

On February 12, 2009, after receiving Roberson's motion to remand, White supplemented his Rule 12(b)(6) motion, adding more documents.

4

These new documents again were unaccompanied by an affidavit or declaration to prove their authenticity. White therein made no reference to *Legg v. Wyeth* or to Rule 56. On February 13, 2009, American General filed what it styled "Notice of American General's Supplemental Authority in Support of Its Opposition to Motion to Remand". Like White, American General made no reference to *Legg v. Wyeth* or to Rule 56. Attached to American General's notice is, for the first and only time, an affidavit executed by American General's claims manager, who purports to have knowledge of the facts bearing on White's connection to the case. She swears that American General received a competing claim from Clark to the entire $105,000 proceeds due under the two insurance policies, and that American General's "decision to proceed with an interpleader action was in no way related to the change of beneficiary forms submitted by American General agent, George White, or the manner in which those forms were processed". She does not say when Clark's claim was received by American General. She does not say that American General's refusal to pay is in no way related to the acts of White. During oral argument on March 13, 2009, Roberson never retreated from his insistence that he has stated a meritorious claim against White under Alabama law, and expects to prove it. Although during oral argument White's counsel handed a copy of *Legg v. Wyeth* to the bench, the possible implications arising out of *Legg v. Wyeth* for Rule 56 treatment in this case were not explored

5

in the colloquy between counsel and the court.

Whether American General paid Roberson the $5,000 before or after it received a competing claim from Clark is not reflected in the pleadings or in the single affidavit belatedly filed by American General, nor is there any pleading or affidavit to suggest a rationale, if any, for American General's paying the $5,000 to Roberson.

### **The Effect of *Legg v. Wyeth***

It has finally dawned on this court that White is asking the court to treat his Rule 12(b)(6) motion as a Rule 56 motion. White conspicuously has never shared with this court, in any articulate manner, his interpretation of *Legg v. Wyeth*, unless handing the court a copy of *Legg v. Wyeth* was intended to alert the court, something it has accomplished. American General mentioned *Legg v. Wyeth* in a footnote, but never urged this court to engage in a Rule 56 analysis. The court assumes that White and American General agree on how to interpret of *Legg v. Wyeth*. Both defendants now seemingly want this court to find that there is no dispute of material fact with respect to any claim Roberson has made or can make against White, and that White is due judgment from this court as a matter of law. Neither American General nor White contends that the language of the complaint itself, as construed in the light most favorable to Roberson, fails to meet the pleading requirements of Alabama law for stating a cause of action against

White under a theory of negligence.  Instead, they are asking this court to adjudicate Roberson's claim in favor of White under Rule 56 analysis, and by doing so to establish the diversity necessary for a removal under § 1332.  This court does not read *Legg v. Wyeth* as expansively as White and American General read it, particularly under the procedural circumstances of this case.

This court begins its review of its subject-matter jurisdiction in the grip of the rule inherent in the concept of federalism, a rule from which the federal courts, including the Eleventh Circuit, have never wavered.  Simply stated, there is a presumption against removability arising from the fact that federal courts are courts of limited jurisdiction.  This universally recognized proposition places a heavy burden on a removing defendant.  The burden becomes heavier when federal jurisdiction depends upon a finding that a non-diverse defendant was fraudulently joined by the plaintiff.  No citations of authority are necessary to establish this starting point for an examination this removal by American General.

Neither American General nor White relies upon a theory of **actual** or **outright** fraud by Roberson.  This is the type of "fraudulent joinder" that, if claimed by a removing defendant, would automatically place upon him the burden of proving that the lawyer who filed the state court complaint (in this case, a former justice of the Supreme Court of Alabama), drafted a sham claim

against a non-diverse defendant for the purpose of frustrating any removal opportunity by a diverse defendant.

The concept of "fraudulent joinder" here employed by American General is not as onerous as proving actual fraud. It is, however, onerous. It requires the removing defendant to prove that there is no way the state court can give the plaintiff any of the relief he seeks as against a non-diverse defendant. In other words, the removing defendant must demonstrate to the federal court that the claim against a defendant who shares citizenship with plaintiff was dead when it arrived in the state court and cannot be resuscitated.

In *Legg v. Wyeth*, the primary subject of this opinion, the Eleventh Circuit found that a resident defendant, under the alternative theory of "fraudulent joinder" chosen by American General, was fraudulently joined, justifying removal by the non-resident defendant. The Eleventh Circuit there said:

> We have explained before that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties*." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis added). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n. 9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). But there must be some question of fact before the district court can resolve that fact in the plaintiff's favor.

428 F.3d 1322-23.

When the Eleventh Circuit in *Legg v. Wyeth* used the phrase "**at the time of the removal**", it was limiting its examination of § 1332 removal jurisdiction to the materials contained in the notice of removal itself, including any papers accompanying it. As recognized by the Court, the notice of removal can include "affidavits and deposition transcripts". An examination of the viability of the state court complaint using materials beyond the language in the complaint itself is possible only if the removal papers contain evidentiary material that is verified. The notice of removal in this case contained no "affidavits" and no "depositions". The only sworn testimony before this court was filed by American General two weeks after the removal, and the single affidavit then submitted was, in effect, no more than a general denial of the allegations Roberson makes against White. To take *Legg v. Wyeth* as far as American General and White apparently now want to take it would obligate every federal court in the United States, upon receiving a diversity removal based on "fraudulent joinder", to undertake the task of determining what material facts are disputed, and whether the undisputed facts entitle the non-diverse defendant to summary judgment. The Eleventh Circuit surely did not intend to place such a burden on district judges and to open the flood gates to removals under § 1332.

If proof of such a limitation on the reach of *Legg v. Wyeth* is not found in logic, good sense and the words of the Eleventh Circuit itself, ample proof is found in by *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, ___ U.S. ___, 128 S.Ct. 2877 (2008). There the Eleventh Circuit made itself quite clear on the subject at hand. This court was the court being affirmed in *Lowery* after remanding a case. The Eleventh Circuit held:

> [T]he removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal **on the basis of the removing documents**.

*Id*. at 1211. (emphasis added).

* * * *

> Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them.

*Id*. at 1215.

The "removing documents" in the instant case did not call upon this court to do what White now wants it to do, and there *Lowery* recognizes the opportunity to establish removal jurisdiction by "post-removal" discovery.

If this court undertook Rule 56 analysis without a formal request to covert White's Rule 12(b)(6) motion into a Rule 56 motion, Rule 56(c) would, of course, have to be employed.

Subsection (c) of Rule 56 provides:

> The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Rule 56(c), F.R.Civ.P.

White never served Roberson with a Rule 56 motion or suggested the conversion of his Rule 12(b)(6) motion to a Rule 56 motion prior to the hearing on March 13, 2009, much less 10 days before their hearing. Furthermore, if Rule 56 is used, its subsection (f) would allow the party who opposes the Rule 56 motion to seek a continuance in order to conduct discovery to ascertain whether there is a dispute of material fact. Surely Roberson would deserve a continuance for the purpose of discovery if this court should unexpectedly treat White's motion as a Rule 56 motion. To take American General's affidavit, which is no more than a general denial, as the final word on the facts bearing on White's liability to Roberson would be both unusual and unfair.

In *Legg v. Wyeth*, the Eleventh Circuit did not mean to invite removals under § 1332 based only on the fond hope that all non-diverse defendants are, or eventually will be, entitled to summary judgment. The Eleventh Circuit did not intend to make itself the only court of appeals to issue such a broad invitation to diverse defendants, an invitation, that, if accepted, would overwhelm

11

district courts and would make Professor Moore turn over in his grave.

Defendant White may very well prevail in the state court, but it is that court and not this court that should preside over Roberson's case and should rule upon any honest-to-goodness Rule 56 motion.

## Conclusion

Based on the foregoing, American General has not met its burden of proving fraudulent joinder, and Roberson's motion to remand will, by separate order, be granted.

DONE this 26th day of March, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE